CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
SEP 02 2010
JULA DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

In re: PEANUT CORPORATION OF AMERICA,
Debtor No. 09-60452
    *Debtor*,

In re: PLAINVIEW PEANUT CO., LLC,
Debtor No. 09-61651
    *Debtor*,

In re: TIDEWATER BLANCHING CO., LLC,
Debtor No. 09-61652
    *Debtor*.

CASE NO. 6:10-cv-00027

ORDER

JUDGE NORMAN K. MOON

This matter is before the Court upon the Motion to Approve Claim Amounts and Authorize Pro Rata Distributions from the BI Fund ("Motion to Approve"), which was filed on May 26, 2010 by Roy V. Creasy, the Bankruptcy Trustee ("Trustee") for the Peanut Corporation of America ("PCA") and its subsidiaries Plainview Peanut Co., LLC ("Plainview") and Tidewater Blanching Co., LLC ("Tidewater") (docket no. 3).

On June 2, 2010, the Court referred the Motion to Approve to United States Magistrate Judge Michael F. Urbanski, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and recommendations for disposition (docket no. 4). The Magistrate Judge conducted several hearings on the Motion to Approve, and issued a Report & Recommendation on August 25, 2010, which recommended that the Court approve the proposed settlements (docket no. 215).

By August 31, 2010, all counsel of record (which includes counsel for all *Salmonella* claimants, the *guardians ad litem* appointed for the minor claimants, counsel for The Kellogg Company and Kanan Enterprises, Inc., and counsel for the Trustee) had waived any and all

objections to the Magistrate Judge's Report & Recommendation. *See* Trustee's Notice of Filing of Waivers of Objection (docket no. 240).

On September 1, 2010, the Court held that the only disputed *Salmonella* claim, which had been filed by one Kenneth Hinton, was appropriately valued at $0 and did not warrant a distribution from the BI Fund (docket no. 242).

The Court has reviewed the Report & Recommendation of the Magistrate Judge (docket no. 215) along with the other filings in this case. Finding the matter ripe for disposition, and that the Report & Recommendation is well-supported in law, reason, and fact, the Court hereby adopts in full the findings of fact and recommendations of the Magistrate Judge set forth therein.

Accordingly, it will be and hereby is ORDERED as follows:

1. The Report & Recommendation of the Magistrate Judge (docket no. 215) is hereby ADOPTED in its entirety.

2. The Motion to Approve (docket no. 3) is hereby GRANTED, and the settlements set out therein are APPROVED in their entirety, except that those attorney's fees to be paid in infant and death claims shall be limited to those amounts not found to be excessive by the Magistrate Judge. *See* Report & Recommendation, at 16 – 19.

3. The form of Settlement Agreement and Release ("Release") is hereby APPROVED. *See* Motion to Approve (docket no. 3, ex. C). The Trustee is authorized to enter into a Release, in substantially that form, as to the settlement with each of the claimants.

4. The Trustee is hereby AUTHORIZED, and ORDERED, to make distributions from the BI Fund in the amounts detailed in the Proposed Claim Amount Column of the Second Amended Schedule B (docket no. 184). Such distributions shall be made in accordance with the provisions and subject to the conditions of the PCA *Salmonella*

Claim Settlement and Distribution Procedures previously approved by the Bankruptcy Court.

5. The Trustee is hereby ORDERED to make payments to adult (non minor, non death) claimants by check, payable jointly to the claimant and the claimant's counsel, such payments to be in the amounts shown as the "Proposed Claim Amount" on the Second Amended Schedule B (docket no. 184), and such payments to operate as a full and complete release and discharge of all liability or claim of liability which might now or hereafter be made by or on behalf of the claimant receiving such payment against the Trustee, PCA, Plainview, and Tidewater, against any of their related or affiliated companies, or against any of their officers, directors, agents, employees, former employees, affiliates, subsidiaries, successors, assigns, insurers, trustees, and/or receivers, arising out of any injuries suffered, which are related in any way to the incident that is the basis of the claim asserted in this proceeding. Claims against persons or entities other than the aforesaid not expressly released are preserved.

6. Each adult claimant receiving a distribution from the BI Fund shall be solely responsible for satisfying all liens, claims of liens, subrogated interests, encumbrances or demands of whatever kind (including but not limited to) any bills or liens for health care services rendered to such claimant in connection with the incident that is the basis of the claim asserted in this proceeding; or other services rendered to such claimant in connection with the incident that is the basis of the claim asserted in this proceeding; and any liens, subrogation rights or claims that might exist by virtue of any insurance benefits paid in connection with the incident

that is the basis of the claim asserted in this proceeding; out of the settlement proceeds paid to such claimant, and the Trustee is, accordingly, released from any and all liability for these items.

7. The Court will enter a separate Order for the approval of the settlement of each of the claims involving a minor claimant, and for the approval of each of the wrongful death claims, in the form submitted with the motions filed by the claimant's counsel seeking approval of such settlement. As to all such Orders, if the claimant is receiving settlement funds from any entity other than the BI Fund, then the portion of the settlement to be paid by the Trustee shall be the amount shown as the "Proposed Claim Amount" for such claim on the Second Amended Schedule B (docket no. 184).

8. In the event a claimant receiving a distribution from the BI Fund has filed a claim in the United States Bankruptcy Court for the Western of District of Virginia against PCA, Plainview, or Tidewater in connection with the incident that is the basis of the claim asserted in this proceeding, the Trustee is authorized to either withdraw such claim on behalf of the claimant or tender an Order to the Bankruptcy Court expunging such claim from the Claims Register.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record, to United States Magistrate Judge Michael F. Urbanski, and to the United States Bankruptcy Court for the Western District of Virginia.

Counsel for the Trustee shall mail a copy of this Order to all parties whom were served with the Motion to Approve.

Entered this 2nd day of September, 2010.

                                                 NORMAN K. MOON
                                                 UNITED STATES DISTRICT JUDGE